IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,038-01






EX PARTE WILLIAM LESLIE NEAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR10722 IN THE 355TH DISTRICT COURT


FROM HOOD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and assault and sentenced to imprisonment for life and 99 years, respectively. The Second Court of
Appeals affirmed his convictions. Neal v. State, No. 02-08-00266-CR (Tex. App.--Fort Worth
2009, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance,
the State failed to disclose exculpatory and impeachment evidence, and the State presented false
evidence and testimony.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Brady v. Maryland, 373 U.S. 83 (1963); Ex parte Fierro, 934 S.W.2d 370
(Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to each of Applicant's ineffective
assistance of trial counsel claims. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also determine whether the State violated
Applicant's due process rights by failing to disclose exculpatory and impeachment evidence and
presenting false evidence and testimony. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 24, 2012

Do not publish